# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Anthony G. Peart,** | CASE NO. 1: 24 CV 178 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| | **Memorandum of Opinion and Order** |
| **Jonathan Bartell,** *et al.*, | |
| Defendants. | |

## Background

Plaintiff Anthony G. Peart, an Ohio prisoner proceeding *pro se*, has filed a civil rights complaint in this case under 42 U.S.C. §§ 1981 and 1983 against criminal defense lawyer Jonathan Bartell; the Cleveland Metropolitan Bar Association (CMBA); and Kari L. Burns, Jessica Lucko, and Christopher Joseph Klasa, the "Assistant Bar Counsel," "Legal Coordinator," and "Bar Counsel" of the CMBA. (Doc. No. 1.)

Plaintiff's alleged basis for his complaint is that Defendant Bartell and his law firm were paid $10,000.00 to represent him in a state criminal case, but "Defendant [Bartell] never appeared at any court proceedings, and aband[oned] Plaintiff, which resulted in the Defendant being fired and [Plaintiff] demanding a full refund of his $10,000." (*Id.* at 2, ¶ IV.)

He claims the CMBA and Defendants Burns, Lucko, and Klasa "were made aware of Defendant[] Bartell's unprofessional conduct" in refunding Plaintiff only $1,000 of the $10,000 he paid to Bartell, but "instead of addressing [his] complaint," they "willing became an aider and abetter" in the deprivation of his constitutional rights. (*Id.* at 3.)

Plaintiff seeks damages totaling $1.5 million. He filed a motion to proceed *in forma*

*pauperis,* which has been granted by separate order. For the reasons stated below, his complaint is dismissed.

## Standard of Review and Discussion

*Pro se* complaints are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), but "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf" or create claims for them. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

Upon review, the Court finds that Plaintiff's complaint must be dismissed. Even liberally construed, it fails to state a plausible claim upon which he may be granted relief under either § 1983 or § 1981.

**Section 1983**

To state a claim under § 1983, a plaintiff must allege facts demonstrating he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Paige v. Coyner*, 614 F.3d 273, 275 (6th Cir. 2010). Plaintiff's complaint does not allege that any defendant deprived him of a right secured by the Constitution or laws of the United States, or facts plausibly suggesting that they did so. His complaint references no provision of the Constitution or federal law. "[T]he violation of a federally protected right" is necessary for there to be liability under § 1983. *Schroder v. City of Fort Thomas*, 412 F.3d 724, 727 (6th Cir. 2005). At the most, Plaintiff's complaint suggests state law claims for breach of contract or malpractice. This is insufficient to state a claim under § 1983.[1]

Additionally, Plaintiff's complaint does not allege facts plausibly suggesting that any of the defendants acted under color of state law for purposes of a § 1983 claim. It is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Further, § 1983 does not apply to the conduct of private entities or persons, such as bar associations and members of bar associations. *See, e,g., Hu v. American Bar Ass'n*, 568 F.Supp.2d 959, 965 (N.D.Ill.,2008) (federal and "state bar associations do not engage in state

---

[1] Plaintiff has not alleged state law claims, or demonstrated that this Court has jurisdiction over such claims under 28 U.S.C. § 1332.

action by formulating and enforcing disciplinary rules"); *Jordan v. Kentucky*, No. 3: 09-cv-424, 2009 WL 2163113, at *4 (W.D.Ky. July 16, 2009) (Kentucky Bar Association and its President not state actors for purposes of § 1983). Plaintiff's complaint does not contain facts sufficient to give rise to a plausible inference that the CMBA and its officers engaged in state action.

**Section 1981**

Plaintiff's complaint also fails to allege a plausible claim against any defendant under § 1981. Section 1981 prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors. *Amini v. Oberlin College*, 440 F.3d 350 (6th Cir. 2006); 42 U.S.C. § 1981. In order to establish a claim for racial discrimination under § 1981, a plaintiff must plead and prove that (1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged his right to make and enforce contracts. *Id.*

Plaintiff's complaint alleges no facts whatsoever plausibly suggesting race discrimination, or giving rise to a plausible inference that any defendant intended to discriminate against him on the basis of his race in connection with the conduct of which he complains.

**Conclusion**

For all of the foregoing reasons, Plaintiff's complaint is dismissed in accordance with § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 4/23/24

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court Judge